5th Court of Appeals
FILED: 10-21-15
Lisa Matz, Clerk

RECEIVED IN
COURT OF APPEALS, 5th DIST

OCT 1 9 2015

LISA MATZ
CLERK, 5th DISTRICT

**FILED IN**
Court of Appeals

OCT 1 9 2015

Lisa Matz
Clerk, 5th District

**05-14-01386-CR**

## IN THE COURT OF APPEALS
## FOR THE FIFTH DISTRICT OF TEXAS
## AT DALLAS

---

**SHEYENNE LILES,**

*Appellant*

v.

**STATE OF TEXAS,**

*Appellee*

**Cause No. F13-71006-Q**
**On Appeal from Criminal District Court, No. 204 of Dallas County, Texas**
**The Honorable Tammy Kemp, Judge Presiding**

---

**APPELLANT'S PRO SE RESPONSE IN OPPOSITION,**
**OBJECTION TO COUNSEL'S ANDERS BRIEF, and**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

---

**SHEYENNE LILES,**
**Appellant, Pro Se**
**TDC# 01956109**
**Murray Unit**
**1916 N Hwy 36 Bypass**
**Gatesville, TX 76596**

TO THE HONORABLE JUSTICES:

Sheyenne Liles, pro se, brings this Response in Opposition, Objection to Counsel's Anders Brief and Notice of Supplemental Authority. In support thereof, Appellant cites the below listed points of error in favor of Appellant and arguable grounds for relief:

1) Appellant's trial transcripts were confiscated by prison authorities on September 29, 2015 and she was thus denied access to the transcripts at a critical stage of the appeals process;

2) Appellate counsel's conclusion that trial counsel rendered effective assistance of counsel is in error in that prior to, during and post-trial, all critical stages of the proceedings, trial counsel's actions and inactions fell below the necessary standard of competence required by STRICKLAND v WASHINGTON, 466 US. 668 (1984), all to Appellant's demonstrated prejudice;

3) Appellant received ineffective counsel when trial counsel failed to challenge the indictment and where the indictment was vague and insufficient to advise the common citizen as to what conduct was proscribed;

4) Specifically, Appellant was denied a fair trial when, despite Appellant's specific requests, trial counsel failed to obtain a separation of trials from co-defendant;

5) Appellant was denied a fair trial when trial counsel bullied, threatened and insisted that appellant not testify, despite Appellant's numerous statements that she wanted to tell the jury that she was under the influence of a violent pimp since her early teens and that she received multiple beatings that resulted in contusions, a broken jaw, 2 broken teeth and a hairline fracture;

6) Appellant was denied a fair trial and sentencing when counsel failed to object to the conviction and where the jury failed to make a specific finding that a "deadly weapon" was used, thus making a 3 G finding improper;

7) Appellant was denied a fair trial when trial counsel failed to adequately impeach the State's sole witness against her based upon promise of leniency affecting her credibility and veracity;

8) Appellant was denied a fair trial and fair sentencing where trial counsel failed to subpoena and call as witnesses both at trial and sentencing persons who could verify and

prove that the Appellant was tortured and beaten as a teen into submission by her vicious pimp;

9) Appellant was denied a fair trial and sentencing where trial counsel failed to document before the jury her substantial efforts to flee her pimp and start a new life;

10) That trial counsel erred in failing to adequately argue at sentencing against the excessive sentence finally handed down, which sentence punishes the victim and rewards the actual perpetrators;

11) That considering the failure of trial counsel to present all available mitigating and exculpatory evidence and the failure of the state to seek out the truth, there was not legally sufficient evidence to support Appellant's conviction, JACKSON v VIRGINIA, 443 US. 307 (1979);

12) That appellate counsel was derelict in her responsibility to communicate with the Appellant in that despite several initiatives, appeals counsel failed to communicate with Appellant at any time.

## CONCLUSION

Wherefore, Appellant objects to the filing of the Anders Brief, and requests that the Court review the trial record, reverse the conviction and remand for a new trial.

Respectfully Submitted

*Sheyenne Liles* 10.9.2015

Sheyenne Liles, Pro Se
No. 01956109
Murray Unit
1916 N Hwy 36 Bypass
Gatesville, TX 76596

## CERTIFICATE OF SERVICE

This is to certify that on October 9, 2015, true correct copies of this Pro Se motion was mailed to: Clerk, Court of Appeals, 5th District of Texas at Dallas, 600 Commerce St., Suite 200, Dallas, TX 75202, the Appellate Division of the District Attorney's Office, 133 N Riverfront Blvd., Dallas, TX 75207 by first class mail, and deposited in the prison mail receptacle at TDC, Murray Unit, 1916 N Hwy 36 Bypass, Gatesville, TX 76596

*Sheyenne Liles*
Sheyenne Liles

Oct. 6th 2015          Attn. Claudia

          Letter of Request for
Extension of Time.

     I Debra Mathis (mother) sent
the appeal Letter # 05-14-01386-CR
through Jpay Email to Sheyenne
N. Siles for date, & signature on
Oct. 2nd. 2015. Sheyenne recieved it
Oct. 5th at 8:00 could not read it,
and sign to send in. She (Sheyenne)
called me on Oct. 6th at 1:35 p.m.
requesting it again.

     I Debra Mathis took this
hard copy & went to get it to
her by over-night mail.

          Thank you, 10-6-15
          Debra Mathis


          Sign: Sheyenne Siles
          date  10.9.2015

USA
FOREVER

RIO GRANDE DISTRICT
19 OCT 2015 PM 5 L

Shayene Giles
#19156109
Dr. Lane Murray
1916 N. Hwy 36
Gatesville, TX 76596

Fifth District of Texas at Dallas
George L. Allen Sr. Courts Bld.
600 Commerce Street, Suite 200
Dallas, TX 75202

75202&65&31